## STATE v. THE PULLMAN COMPANY.[1]

October 1, 1920.

No. 21,921.

**Gross earnings tax on sleeping-car companies, not on interstate commerce.**

   1. Chapter 480, Laws 1913, intends a property tax upon the property of sleeping-car companies, taxable within the state, based on gross earnings, and it does not intend nor impose a tax upon interstate commerce.

**Case followed.**

   2. State v. Wells Fargo & Co., supra, page 444, followed upon points of law common to that case and to this.

[1] Reported in 179 N. W. 224.

**Gross earnings tax not excessive.**

3. The tax imposed by the statute is not arbitrarily high and does not grossly exceed the amount of a property tax on the defendant's property, taxable in this state, assessed on an ad valorem basis.

Action in the district court for Ramsey county under Laws 1913, chapter 480, to recover gross earnings taxes from defendant company for the years 1914 to 1917, both inclusive. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment in favor of plaintiff for $103,616.25. Defendant's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*G. S. Fernald, C. A. Severance, George W. Morgan* and *Davis, Severance & Morgan,* for appellant.

*Clifford L. Hilton,* Attorney General, and *Patrick J. Ryan,* for respondent.

DIBELL, J.

The state recovered judgment against the defendant for taxes levied for the years 1914 to 1917 inclusive. The defendant appeals from the judgment.

1. The taxes were levied pursuant to Laws 1913, p. 707, c. 480. The statute provides for a tax measured by gross earnings. The defendant does not claim that the taxes levied are wholly invalid. It concedes that they are valid so far as based on intrastate earnings. From year to year it has made tenders to the state treasurer of amounts equal to the statutory tax computed upon intrastate earnings. Its contention is that the statute expressly imposes a specific tax upon gross earnings, intrastate and interstate, that it intends to tax interstate commerce, and that it is not sustainable as a tax upon property engaged in interstate commerce, though a valid tax on intrastate earnings. Herein it is sought to distinguish the statute involved in State v. Wells Fargo & Co. supra, page 444, 179 N. W. 221.

We do not construe the statute as intending a tax on interstate commerce as distinguished from a tax on property engaged in interstate commerce. It requires a sleeping-car company to make a return of its gross earnings, and it provides that "upon such gross earnings such sleeping-

car company shall pay into the state treasurer of this state, in lieu of all taxes and assessments upon all taxable property of said company within this state, a sum of money equal to five per cent of the gross earnings derived from the owning, operating, renting or leasing of such sleeping-cars," etc. Laws 1913, p. 665, c. 454, involved in the Wells, Fargo case, provides for "a tax equal to eight per cent of its gross earnings," etc. and the payment of such tax is "in full and in lieu of all taxes and assessments upon its property." Each statute intends a property tax measured by gross earnings and each is a lieu tax in the sense that while the basis of assessment is different the property is taxed by exacting a contribution based on gross earnings and cannot be further burdened. It is still a property tax.

2. A number of points of law, discussed at argument and in the briefs, such as the propriety of the classification made the basis of taxation, and the method of valuation of property such as the defendant has in the state, are involved in State v. Wells Fargo & Co. supra, page 444, 179 N. W. 221. What is said in that case, so far as applicable, controls here.

3. We have examined the evidence upon which the defendant bases its claim that the tax imposed by the statute is arbitrarily high and grossly in excess of a property tax based on actual value. It is not necessary to review it. It is fully as strong in favor of the state as that in the Wells Fargo case. We reach the conclusion that the tax imposed by the statute is not arbitrarily high, and that it does not grossly exceed the fair equivalent of a property tax on property taxable in Minnesota and assessed on an ad valorem basis.

Judgment affirmed.